UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

           Plaintiff,

v.

Ihenvbiru Frank Iyamu,

           Defendant.

**MEMORANDUM OPINION
AND ORDER**
Criminal No. 18-87(1) ADM/KMM

_____

Ihenvbiru Frank Iyamu, pro se.
_____

## I.  INTRODUCTION

This matter is before the undersigned United States District Judge for a ruling on Defendant Ihenvbiru Frank Iyamu's ("Iyamu") Motion [Docket No. 159] for a sentence reduction. For the reasons set forth below, Iyamu's Motion is denied.

## II.  BACKGROUND

On July 24, 2019, less than one year ago, Iyamu entered a plea of guilty to unauthorized accessing of a protected computer, conspiracy to commit wire fraud, and aggravated identity theft. Min. Entry [Docket No. 128]; Plea Agreement [Docket No. 130]. He was sentenced to a prison term of 102 months. Sentencing J. [Docket No. 150] at 2.

Iyamu is incarcerated at D. Ray James Correctional Institution in Folkston, Georgia. His projected release date is June 10, 2025. See Federal Bureau of Prisons Inmate Locator, https://www.bop.gov/inmateloc/ (last accessed June 30, 2020).

Iyamu now moves for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). Iyamu, age 34, argues that he fears he will contract the COVID-19 virus while in prison. Iyamu does not identify a health condition that would make him particularly susceptible to the disease.

He also does not state whether he has requested a compassionate release motion from the warden of his institution.

### III.  DISCUSSION

Generally, a "court may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c).  One of the few exceptions to this general rule is the compassionate release provision of 18 U.S.C. § 3582(c)(1)(A).  Under this provision, a court may reduce a term of imprisonment if, "after considering the factors set forth in section 3553(a)," the court finds that "extraordinary and compelling reasons" warrant a sentence reduction, "and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

The Sentencing Commission's applicable policy statement defines "extraordinary and compelling" reasons to include serious medical conditions or cognitive impairments "that substantially diminish[] the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover."  U.S.S.G. § 1B1.13 comment n.1(A)(ii).  The policy statement also requires the court to determine that "[t]he defendant is not a danger to the safety of any other person or to the community" before a sentence reduction may be granted under § 3582(c)(1)(A).  U.S.S.G. § 1B1.13(2).

A defendant may not bring a motion for compassionate release until after the defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."  18 U.S.C. § 3582(c)(1)(A).

Iyamu's request for a sentence reduction is denied for at least three independent reasons.

First, Iyamu has not established that he exhausted his administrative rights with the BOP.

Second, even if Iyamu had satisfied the exhaustion requirement, he has not shown extraordinary and compelling reasons warranting a sentence reduction. When considering compassionate release motions in the context of the COVID-19 pandemic, courts have required an inmate to show both a "particularized susceptibility to the disease" and "a particularized risk of contracting the disease at his prison facility." United States v. Miland, No. 16–0159 (WMW), 2020 WL 3249259, at *3 (D. Minn. June 16, 2020) (quoting United States v. Feiling, No. 3:19–112 (DJN), 2020 WL 1821457, at *7 (E.D. Va. Apr. 10, 2020)); accord United States v. Ramirez, No. 17-10328-WGY, 2020 WL 2404858, at *3 (D. Mass. May 12, 2020); United States v. Shamilov, No. 19-cr-238 (SRN), 2020 WL 2029600, at *3 (D. Minn. Apr. 28, 2020). Iyamu has not shown a particularized susceptibility to the COVID-19 virus. At age 34, Iyamu is decades younger than the 65-and-older age category most susceptible to the virus. When Iyamu's Presentence Investigation Report was prepared in October 2019, he reported that he had always been in good health and has no major medical history or known allergies. PSR [Docket No. 136] at 13. Iyamu's generalized fear of contracting the virus does not amount to extraordinary and compelling circumstances.

Third, the sentencing factors in § 3553(a) weigh against reducing Iyamu's sentence. These factors include "the nature and circumstances of the offense" and "the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law . . . to provide just punishment for the offense . . . to afford adequate deterrence to criminal conduct," and "to protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a). When sentencing Iyamu, the Court determined that a 102-month term of imprisonment was necessary

to carry out these sentencing goals.  Releasing Iyamu after he has served far less than half his sentence would undermine these sentencing considerations.

### IV.  CONCLUSION

Based upon all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant Ihenvbiru Frank Iyamu's Motion [Docket No. 159] for a sentence reduction is **DENIED**.

BY THE COURT:


    s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT COURT

Dated:  June 30, 2020