UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

        Plaintiff,

v.

Ihenvbiru Frank Iyamu,

        Defendant.

**MEMORANDUM OPINION
AND ORDER**
Criminal No. 18-87(1) ADM/KMM

___

Ihenvbiru Frank Iyamu, pro se.

___

## I. INTRODUCTION

This matter is before the undersigned United States District Judge for a ruling on Defendant Ihenvbiru Frank Iyamu's ("Iyamu") Motion for Extension of Time to File § 2255 Motion [Docket No. 163]. For the reasons stated below, the Motion is denied.

## II. DISCUSSION

Iyamu asks the Court to extend the one-year statute of limitations period for filing a petition under 28 U.S.C. § 2255. He states that he has been unable to file a § 2255 petition because his former correctional facility closed in September 2020, and he did not have access to his legal papers from September 2020 until the completion of his transfer on December 8, 2020. Mot. at 1.

The Court lacks authority to grant the request because Iyamu has not yet filed a § 2255 petition, and so no case or controversy exists. See United States v. Asakevich, 810 F.3d 418, 420 (6th Cir. 2016) (affirming denial of inmate's request for extension of time to file a § 2255 motion because the request was an "advisory opinion about whether he could obtain an extension for an action not yet in existence and one that may never come into existence"); Swichkow v.

United States, 565 F. App'x 840, 844 (11th Cir. 2014) ("[B]ecause Swichkow had yet to file an actual § 2255 motion at the time he sought an extension to the limitations period, there was no actual case or controversy to be heard.").

Even if it had jurisdiction, the Court lacks authority to grant the prospective relief Iyamu seeks. The one-year statute of limitation under § 2255 may be equitably tolled "only if [the movant] shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Muhammad v. United States, 735 F.3d 812, 815 (8th Cir. 2013) (quoting Holland v. Florida, 560 U.S. 631 (2010)). "[T]he principle of equitable tolling is an after-the-fact analysis of circumstances that may have prevented a petitioner from timely filing and does not authorize a court to grant prospective relief on equitable grounds." Livingston v. Sec'y, Fla. Dep't of Corr., No. 20-CV-357, 2020 WL 1812284, at *2 (M.D. Fla. Apr. 9, 2020).

It remains to be seen whether Iyamu will file a petition and, if so, whether he will be able to satisfy the equitable tolling requirements. As such, his motion for equitable tolling is denied without prejudice. See, e.g., Thoresen v. Titus, No. 20-CV-0769, 2020 WL 1977251, at *1 (D. Minn. Mar. 26, 2020), report and recommendation adopted, No. 20-CV-769, 2020 WL 1976480 (D. Minn. Apr. 24, 2020) (denying request to extend time for filing habeas petition because "this Court cannot say until Thoresen actually submits his habeas petition that he has been pursuing his rights diligently or that extraordinary circumstances prevented him from submitting his habeas petition earlier").

## III.  CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant Ihenvbiru Frank Iyamu's Motion for Extension of Time to File § 2255 Motion [Docket No. 163] is **DENIED**.

BY THE COURT:

    s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT COURT

Dated:  February 12, 2021