# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

United States of America,

      Plaintiff,

v.

Ihenvbiru Frank Iyamu,

      Defendant.

**MEMORANDUM OPINION AND ORDER**
Criminal No. 18-87(1) ADM/KMM
Civil No. 21-454 ADM

---

Robert M. Lewis, Assistant United States Attorney, St. Paul, Minnesota, on behalf of Plaintiff.

Ihenvbiru Frank Iyamu, pro se.

---

## I. INTRODUCTION

This matter is before the undersigned United States District Judge for a ruling on Defendant Ihenvbiru Frank Iyamu's ("Iyamu") Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence [Docket No. 166].[1] For the reasons stated below, the Motion is denied.

## II. BACKGROUND

On July 24, 2019, Iyamu entered a plea of guilty to unauthorized accessing of a protected computer, conspiracy to commit wire fraud, and aggravated identity theft. Min. Entry [Docket No. 128]; Plea Agreement [Docket No. 130]. He was sentenced on November 20, 2019 to a prison term of 102 months. Sentencing J. [Docket No. 150] at 2. Judgment was entered on November 21, 2019. Id. Iyamu did not appeal his conviction or his sentence, and the Judgment became final on December 5, 2019. See Fed. R. App. P. 4(b)(1)(i) (requiring appeal to be filed

---

[1] All citations are to the criminal case docket.

within 14 days after entry of judgment).

In June and September of 2020, Iyamu filed motions seeking compassionate release under 18 U.S.C. § 3582(c)(1)(A) based on the COVID-19 pandemic. See First Mot. Compass. Release [Docket No. 159]; Second Mot. Compass. Release [Docket No. 161]. In the June motion, Iyamu argued that his prison facility had not taken measures to prevent inmates from becoming infected with COVID-19, and that he feared he would contract the virus. First Mot. Compass. Release at 1. Iyamu also stated that he was subject to an immigration removal proceeding and asked to be "released to immigration." Id. at 2. The Court denied this motion on June 30, 2020, See Order [Docket No. 160]. In the September motion, Iyamu stated that he had contracted and recovered from COVID-19, and that he feared becoming reinfected with the virus. Second Mot. Compass. Release at 1. He again noted that he was liable for deportation. Id. at 3. The Court denied this motion on November 24, 2020. See Order [Docket No. 162]. Iyamu did not appeal either Order. On February 9, 2021, the Court received a letter from Iyamu requesting an extension to the one-year limitations period for filing a § 2255 motion. See Mot. Ext'n Time [Docket No. 163]; 28 U.S.C. § 2255(f). In the letter, which was dated December 23, 2020 and postmarked February 4, 2021, Iyamu stated that he was unable to file a § 2255 petition because his former correctional facility closed in September 2020, and he did not have access to his legal papers from September 2020 until the completion of his transfer on December 8, 2020. The Court denied the request for an extension, holding that jurisdiction was lacking because Iyamu had not yet filed a § 2255 motion and thus no case or controversy existed. The Court also held that the limitations period in § 2255(f) could not be equitably tolled on a prospective basis because determining whether equitable tolling applies is an after-the-fact

analysis of the circumstances that may have prevented a petitioner from timely filing.

On February 19, 2021, Iyamu filed this § 2255 Motion seeking to vacate his sentence on three grounds. In Ground One, he argues his sentence is "beyond the intended sentence of the Court," because the Government "had prior knowledge that the defendant would serve his sentence in a sub-standard prison." Mot. at 4.[2] Iyamu argues that his attorney also had such "prior knowledge" and was ineffective for failing to properly raise the issue at the sentencing hearing. Id.

In Ground Two, Iyamu claims the Government made multiple references to his immigration status and detainer, and that his counsel failed to raise the issue at the sentencing hearing. Id. at 5. Iyamyu contends that his sentence would have been different had his attorney raised the issue. Id.

In Ground Three, Iyamu claims the Government breached promises it made when inducing him to accept the Plea Agreement because the Government had prior knowledge that he would serve his sentence in a "substandard prison." Id. at 7. Iyamu argues that he contracted COVID-19 while serving his sentence, and that if his attorney had raised the issue of Iyamu "serving his sentence in a facility which has well documented issues of inadequate medical care" his sentence would have been different. Id. at 7, 9.

Iyamu argues that the one-year statute of limitations for filing § 2255 motions does not bar his Motion because the untimely filing was "[d]ue to COVID-19 and the closing of facilities in which the defendant was confined." Id. at 12. Iyamu states that he "has been in an almost

---

[2] Page citations for the Motion are to the page number in the CM/ECF banner at the top of the page.

3

constant state of transit for more than a year." Id.

Iyamu requests to be resentenced in consideration of "COVID-19, conditions of confinement and the defendant serving his sentence as an immigrant under more severe conditions [than] other similar convicted persons." Id. at 13.

The Government opposes the Motion, arguing that it is untimely and also fails on the merits.

### III. DISCUSSION

**A. Section 2255 Standard**

28 U.S.C. § 2255 provides a person in federal custody with a limited opportunity to collaterally attack the constitutionality, jurisdictional basis, or legality of their sentence. See United States v. Addonizio, 442 U.S. 178, 185 (1979). Relief is reserved for violations of constitutional rights and for a narrow range of injuries which were outside a direct appeal and which, if untreated, would result in a miscarriage of justice. See Poor Thunder v. United States, 810 F.2d 817, 821–22 (8th Cir. 1987).

**B. Timeliness**

Section 2255 includes a one-year statute of limitations provision that runs from the latest of four events:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on

> collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Iyamu does not contend that any of the events in subsections (2) through (4) apply to his case. Therefore, he was required to file his § 2255 Motion within one year from the date his judgment of conviction became final. 28 U.S.C. § 2255(f)(1). Because Iyamu's Judgment became final on December 5, 2019, the deadline for Iyamu to file a § 2255 motion expired on December 5, 2020. Accordingly, his Motion is untimely unless equitable tolling applies.

Equitable tolling will apply to § 2255 motions only where "extraordinary circumstances beyond a prisoner's control prevent timely filing." United States v. Martin, 408 F.3d 1089, 1092-93 (8th Cir. 2005) (internal quotation marks omitted). To invoke the doctrine of equitable tolling, a prisoner must show: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way." Deroo v. United States, 709 F.3d 1242, 1246 (8th Cir. 2013). Equitable tolling is "an exceedingly narrow window of relief." Jihad v. Hvass, 267 F.3d 803, 805 (8th Cir. 2001).

Iyamu argues that he was prevented from timely filing his § 2255 Motion due to the COVID-19 pandemic and the closing of the facilities where he was confined. He contends that he "has been in an almost constant state of transit for more than a year." Mot. at 12. Although the COVID-19 pandemic has been extraordinary, Iyamu cannot show that the pandemic and the closure of his prison facility prevented him from filing a § 2255 motion. Indeed, Iyamu managed to file two compassionate release motions during June and September of 2020 from the facility

5

that eventually closed. In the motions, he raised concerns about the pandemic and his immigration status that mirror the claims raised here.

Iyamu has not shown that he was pursuing his § 2255 rights diligently or that his time spent in transit constitutes extraordinary circumstances warranting the application of equitable tolling. Although Iyamu states that he did not have access to his property and "legal papers" and "could not effectively access the court" from September 2020 to December 8, 2020, he does not claim that he lacked access to paper or writing utensils, or that he was prohibited from contacting the Court during this time. See Muhammad v. United States, 735 F.3d 812, 815 (8th Cir. 2013) (holding equitable tolling did not apply for prisoner who was denied access to his personal and legal materials, because prisoner had access to paper and "writing implements" and did not claim he was prohibited from contacting the court). Even if he had been denied access to writing materials, he does not explain why he waited until February 2021 to prepare and file his § 2255 Motion, when his transfer had been completed on December 8, 2020. The circumstances here do not warrant the "exceedingly narrow window of relief" for equitable tolling, and Iyamu's Motion is therefore untimely. Jihad, 267 F.3d at 805.

## C. Merits

Even if Iyamu's Motion was timely, which it is not, it fails on the merits. In Grounds One and Three, Iyamu contends that the Government had prior knowledge that he would serve his time in a "substandard prison," and that this entitles him to resentencing or release. Mot. at 4, 7. However, neither the Government, defense counsel, or the Court could have known where Iyamu would be serving his sentence, because a defendant's place of imprisonment is determined solely by the Bureau of Prisons. See 18 U.S.C. § 3621(b) ("The Bureau of Prisons

6

shall designate the place of the prisoner's imprisonment . . . ."). Not only are the claims in Grounds One and Three factually baseless, Iyamu cites no legal authority for his position that his sentence should be reduced based upon the conditions of the facility where he was imprisoned. Additionally, Iyamu has since been transferred from the allegedly substandard prison in Georgia to a new facility in Pennsylvania. As such, the issue is now moot. See Harper v. Ciccone, 434 F.2d 247, 248 (8th Cir. 1970) (holding habeas prisoner's attack on confinement in Missouri was moot after he was transferred to California).

In Ground 2, Iyamu argues that the Government made "multiple references to [his] immigration status" throughout the case, that his counsel was ineffective for failing to raise this issue at the sentencing hearing, and that his sentence would have been different but for his counsel's deficient performance. This argument is rejected because Iyamu himself discussed his immigration status in a letter he submitted to the Court prior to sentencing. See Letter [Docket No. 147]. Further, a defendant's citizenship is always part of the record before the Court. See Presentence Investigation Report [Docket No. 136] at F.2 (specifying citizenship and immigration status). Indeed, it is necessary for the Court and all parties to be aware of a criminal defendant's immigration status, because a conviction will often trigger the "particularly severe penalty" of deportation. Lee v. United States, 137 S. Ct. 1958, 1968 (2017).

Accordingly, all of Iyamu's requested grounds for relief lack merit.

## IV. CERTIFICATE OF APPEALABILITY

The Court may grant a certificate of appealability only where a defendant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Tiedeman v. Benson, 122 F.3d 518, 523 (8th Cir. 1997). To make such a showing, "[t]he petitioner must

7

demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). The Court finds it unlikely that another court would decide the issues raised in this § 2255 Motion differently, or that any of the issues raised in Iyamu's Motion would be debatable among reasonable jurists. Thus, the Court declines to grant a certificate of appealability.

## V. CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant Ihenvbiru Frank Iyamu's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence [Docket No. 166] is **DENIED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:


    s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT COURT

Dated: May 27, 2021